# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| RON CHRISTOPHER RICHARD | CIVIL ACTION NO. 09-386 |
| VS. | SECTION P |
| JIMMY SHIVERS, ET AL. | CHIEF JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on March 6, 2009, by *pro se* plaintiff Ron Christopher Richard. When he filed the complaint, plaintiff was an inmate at the Madison Parish Detention Center, Talullah, Louisiana, and he complained of conditions of confinement. Plaintiff was subsequently moved to Terrebonne Parish Work Release, Houma, Louisiana.

### *Statement of the Case*

This undersigned concluded an initial review of the complaint on May 11, 2009, and issued a Memorandum Order directing plaintiff to amend his deficient complaint within thirty days. [Doc. 5]. More than sixty days have elapsed and plaintiff has not responded to that order.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff was directed to provide additional information and he has failed to do so.

It should also be noted that on May 18, 2009, a notice from the court providing plaintiff with information on his case was returned to the court with the notation "return to sender/no such number/unable to forward." [Doc. 6]. The document had been mailed to plaintiff at the last address supplied.

Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and Local Rule (LR) 41.3W .

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Monroe, Louisiana on July 13, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

3